**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 20 2013**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-33140 |
| | ) | |
| Kristina Hoffman, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING MOTION TO REOPEN/MOTION TO AMEND

This case is before the court on the Motion of the Debtor, Kristina Hoffman, to Reopen Case. ("Motion") [Doc. # 19]. The Debtor's bankruptcy case was filed on July 6, 2012, and closed on November 6, 2012, after the entry of a discharge. The Debtor seeks to have her case reopened on the grounds "that the Debtor needs to Amend Schedule F and add a creditor to the list that was not contained on her credit report." [Doc. # 19]. For the reasons that follow, the Debtor's Motion will be Denied.

### DISCUSSION

Under § 350(b) of the United States Bankruptcy Code, the court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." Reopening a case is a ministerial act, which "lacks independent legal significance and determines nothing with respect to the merits of the case." *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001). However, there must be some potential relief that can be accorded to a debtor to warrant reopening a bankruptcy case; otherwise, reopening a case is a pointless exercise. This

is the situation here with regards to the Debtor's Motion.

Prior to discharge and the administrative closing of the case, the Chapter 7 Trustee appointed to the Debtor's case filed a "Report of No Distribution." [Doc. # 12]. Said report denotes that there are no assets available for distribution for the benefit of the Debtor's unsecured creditors. In this type of circumstance, where there are no assets available for distribution, creditors are not required, and do not generally file claims against the estate. *See* FED.R.BANKR.P. 3002(c)(5).

In the case of *Zirnhelt v. Madaj (In re Madaj)*,the Sixth Circuit Court of Appeals held that, where there are no assets available for distribution, it is not necessary to reopen a Chapter 7 case to add an omitted creditor as regardless of notice of the bankruptcy case, the omitted claim of the creditor is subject to the bankruptcy discharge. 149 F.3d 467 (6th Cir. 1998). Thus, according to the court in *In re Madaj*, in "a Chapter 7 no-asset case such as this, reopening the case merely to schedule an omitted debt is for all practical purposes a useless gesture." *Id*. at 468 (internal citations and punctuation omitted).

To the extent that the creditor would be prejudiced by the omission – such as where the omitted claim is subject to a deadline for bringing a complaint to determine dischargeability, this being the case for the type of debts of described in 11 U.S.C. §§ 523(a)(2) (4), or (6) – the Court in *In re Madaj* observed that the creditor is protected by § 523(a)(3)(B). *Id*. at 470. This provision allows a creditor without notice or actual knowledge of a debtor's bankruptcy case to file a complaint at any time to determine the dischargeability for the types of debts set forth in Bankruptcy Code §§ 523(a)(2) (4), or (6). (These provisions respectively except from discharge debts incurred by fraud, larceny/embezzlement and a willful and malicious injury).

For these reasons, amending the Debtor's schedules, so as to add a creditor for noticing purposes, will have no effect on the dischargeability of the omitted creditor's claim. Therefore, there is no relief that the court can afford to the Debtor by allowing her to reopen this case for the purpose of adding a creditor. Simply put, if the omitted creditor's claim was incurred pre-petition, it will be discharged by statute unless it is the type of debt which falls within the dischargeability exceptions of 11 U.S.C. §§ 523(a)(2), (4) or (6) or is otherwise nondischargeable.

**THEREFORE**, for the foregoing reasons,

**IT IS ORDERED** that the Motion of the Debtor, Kristina Hoffman, to Reopen her Chapter 7 Case [Doc. # 19], is hereby **DENIED**.